David GROSSMAN, Plaintiff-Appellant,

v.

LOCAL 1118 OF the COMMUNICATION WORKERS OF AMERICA, Communication Workers of America, AFL–CIO International, Verizon New York, Inc., Fine, Olin and Anderman, P.C. and Daniel R. Simonette, Esq., Defendants-Appellees.

No. 06–3713–cv.

United States Court of Appeals, Second Circuit.

Aug. 17, 2007.

Sherilyn R. Dandridge, Dandridge Law Firm, New York, N.Y., for Plaintiff-Appellant.

Amy Norum, Semel Young & Norum, New York, N.Y., for Defendants-Appellees, Local 1118 of the Communication Workers of America, Communication Workers of America, AFL–CIO International; James G. Murphy, Epstein Becker & Green, P.C. (Matthew Miklave, on the brief), New York, N.Y., for Defendants-Appellees, Verizon New York, Inc.; David J. Wukitsch, McNamee, Lochner, Titus & Williams, Albany, N.Y., for Defendants-Appellees, Fine, Olin and Anderman, P.C., and Daniel R. Simonette, Esq.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-Appellant David Grossman appeals from the district court's order denying his motion to vacate the stipulation and settlement agreement in his original action and further denying his motion to reinstate that action. In March 2005, Grossman filed a complaint against Appellees, alleging that they failed to schedule and conduct the arbitration of his workplace grievances. The case settled later that year, and as a condition of settlement, Grossman agreed to discontinue the action with prejudice ("the stipulation"). Frustrated with the pace of the arbitration proceedings, he then brought this suit in May 2006. We presume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Grossman seeks to vacate the stipulation and settlement agreement in his original action under Rule 60(b)(4) and Rule 60(b)(6).

We review *de novo* a district court's denial of a Rule 60(b)(4) motion. *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004). Under Rule 60(b)(4), a judgment is void " 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir.2006) (quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)). The district court had jurisdiction over both the subject matter and the parties, and Grossman makes no argument on appeal to the contrary. Assuming, without deciding, that the stipulation did not meet the express requirements and plain language of Rule 41, and further assuming that some failure to comply with Rule 41 could amount to a due process violation, none of the possible errors in this case can be said to have violated due process.

In a Rule 60(b)(6) motion, we review the district court's decision for abuse of discretion. *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir.1986). Subpart (6) is "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Id.* at 106 (internal citations omitted). In some situations and in some circuits, the breach of a settlement agreement, if it is substantial enough, may suffice as an "extraordinary circumstance" justifying relief under Rule 60(b)(6). Grossman argues that such a rule should apply here. Assuming, *arguendo*, that a breach could, if sufficiently egregious, amount to an ex-

traordinary circumstance, there is nothing in the record before us that supports Grossman's contention that the Appellees so breached the settlement agreement. We thus do not need to reach the questions of whether the stipulation of dismissal was conditioned on the settlement, or whether the stipulation was formulated under Rule 41(a)(1) or Rule 41(a)(2).

We have considered all of Grossman's claims and find them without merit. The judgment of the district court is therefore AFFIRMED.